**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| RICHARD DARNELL WHEELER, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | CV126-076 |
| RICHMOND COUNTY, GEORGIA, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

*Pro se* plaintiff Richard Darnell Wheeler, Jr. filed this case alleging that his constitutional rights were violated during an arrest and subsequent prosecution. *See generally* doc. 1. After several supplements to his application to proceed *in forma pauperis*, the Court ultimately denied his request, but afforded him the opportunity to pay the filing fee in installments. *See generally* docs. 20 & 22. Wheeler has now paid the first of those installments. *See* docket entry dated September 10, 2026. He has also filed several motions, which are addressed below.

Plaintiff filed an Amended Complaint while his first application to proceed *in forma pauperis* was pending. *See* doc. 8. He subsequently filed several motions arising from the claims asserted in that Amended

Complaint. *See* docs. 12[1] & 14. After his application to proceed *in forma pauperis* was resolved, but before he paid the first installment, he filed a Motion for leave to file a Second Amended Complaint. Doc. 23. After he paid the first installment, he filed a Motion for leave to amend his pleading again. Doc. 24. Since the Federal Rules instruct that leave to amend a pleading should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), his most recent request is **GRANTED**. Doc. 24; *see also, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). The Clerk is **DIRECTED** to file the proposed amended complaint as a standalone docket entry. Doc. 24-1. Since that Second Amended Complaint supersedes all prior pleadings, *see, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Willis v. Villa Piana Corp.*, 2023 WL 6219401, at *1 (N.D. Tex. Aug. 28, 2023) ("[B]ecause the new pleading does not refer to, adopt, or incorporate by reference the earlier pleading, [Plaintiff's]

---

[1] Although Plaintiff's Motion for Preliminary Injunction does not expressly refer to the Amended Complaint, *see generally* doc. 12, its assertion that he has a "substantial likelihood of success on the merits," *id.* at 4, necessarily implies a reference to the claims asserted in the operative pleading. Since, as discussed below, that pleading is superseded by the Second Amended Complaint, he cannot establish a likelihood of success on the merits of claims asserted in the Amended Complaint.

Amended Complaint superseded her original state-court [pleading] and rendered it of no legal effect."), the requests related to prior complaints are **DISMISSED** as moot. Docs. 12, 14 & 23.

Plaintiff also filed a Motion to "expedite" discovery or to "find that formal discovery is entirely unnecessary to resolve the merits of this action." Doc. 13 at 1. The latter alternative is most easily addressed; there is no provision under the Federal Rules for disposition of the merits of a case before any defendant has been served or had an opportunity to be heard. A defendant's right to be heard on the merits of a claim against him, her, or it is sacrosanct and cannot be disregarded, no matter how confident a plaintiff is in the quality of his evidence. Moreover, the Court cannot "expedite" any discovery schedule unless and until defendants are served with process, as required by the Federal Rules. *See, e.g.,* Fed. R. Civ. P. 4; *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Since no defendant has been served, the Court is without authority over any of them to require expedited discovery. Plaintiff's Motion is, therefore, **DENIED**. Doc. 13.

To the extent that Plaintiff seeks to expedite the disposition of this action, he must resolve the issue of service. Given the limited authorization to proceed *in forma pauperis*, *see* doc. 22 (granting, in part, and denying, in part, leave to proceed *in forma pauperis*), Plaintiff may elect to proceed in one of two ways. First, he may request that the Court direct that service be made by a United States marshal. Fed. R. Civ. P. 4(c)(3). If he makes such a request, to ensure that the United States Marshal's Service is not put to unnecessary expense, the Court would screen the claims asserted in his operative Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). If he elects to proceed with Marshal service, he must file a Motion making such a request, at which point the Court will screen his operative pleading and, if appropriate, direct service. Second, Plaintiff may undertake the responsibility, and cost, to serve the defendants himself. *See, e.g.,* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served . . . ."). He is also free to request that any defendant waive personal service, as provided in the Federal Rules. Fed. R. Civ. P. 4(d). If he intends to serve defendants, he should prepare[2] and present summonses to the Clerk for

[2] The United States Courts provide a form, Form AO 440, summons that Plaintiff

issuance. *See* Fed. R. Civ. P. 4(b). If Plaintiff presents summonses to the Clerk, the Clerk is **DIRECTED** to issue them.

Plaintiff's deadline to serve the defendants is ordinarily based on the date he filed the Complaint. *See, e.g.*, *Murray-Bey v. City of Port Wentworth*, 2021 WL 1395194, at *1 (S.D. Ga. Apr. 13, 2021) ("Both the language of Rule 4(m) and the Eleventh Circuit's interpretation of 28 U.S.C. § 1914, which imposes the fee for filing civil cases in federal courts, make the filing of the complaint, not the payment of the filing fee, the relevant date for commencement of the action and the running of the service deadline." (citations omitted)). However, to protect *pro se* plaintiffs from suffering dismissal out of confusion concerning the relevant date, courts, including the Northern District of Georgia, have treated the disposition of a motion to proceed *in forma pauperis* and payment of the filing fee as the relevant date. *See, e.g., Belser v. City of Decatur*, 2006 WL 8433137, at *2 (N.D. Ga. Dec. 6, 2006) (collecting cases). Given the extended proceedings concerning Plaintiff's request to proceed *in forma pauperis*, and subsequent motions, the Court finds the

---

should use in preparing any summons he presents to the Clerk. Form AO 440 is available at https://www.uscourts.gov/forms-rules/forms/summons-a-civil-action.

latter approach appropriate. The Court, therefore, extends Plaintiff's deadline to serve defendants until ninety days from the date of the filing of his Second Amended Complaint, as discussed above. *Cf.* Fed. R. Civ. P. 4(m).

**SO ORDERED**, this 15th day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA